RECEIVED AND FILED
2019 NOV 15 AM 9:58
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

v.

CRIMINAL NO.   18-23-PAD

[1]   OMAR   RIVERA-MOYET,   a/k/a
"BLACKY",
Defendant.

## PLEA AGREEMENT
### (Pursuant to Fed. R. Crim. P. 11(c)(1)(B))

TO THE HONORABLE COURT:

COMES NOW, the United States of America, by and through the undersigned attorneys,
and the Defendant, Omar Rivera-Moyet, and his counsel, Eleonora C. Marranzini, and, pursuant
to Federal Rule of Criminal Procedure 11(c)(1)(B), state to this Honorable Court that they have
reached a Plea Agreement, the terms and conditions of which are as follows:

1.      **COUNTS TO WHICH DEFENDANT PLEADS GUILTY**

Defendant agrees to plead guilty to Counts One, Three, Four, Five, Seven, Nine, Thirteen
and Fifteen of the operative indictment.

### COUNT ONE
### (Carjacking)

On or about January 12, 2018, in the District of Puerto Rico and within the jurisdiction of
this Court, the defendants,

**[1] OMAR RIVERA-MOYET, a/k/a "BLACKY",
[2] DERECK MUÑOZ-NIEVES, a/k/a "MACACO",**

1

**[3] DANIEL DENNES-GARCIA, a/k/a "DANIELITO/MENOR",**

aiding and abetting each other, with the intent to cause death and serious bodily harm, did take a

motor vehicle from the person and presence of A.B.C and D.E.F., that is, a 2010 Mitsubishi

Outlander, VIN JA4AS3AX1AZ000270, a vehicle that had been transported, shipped and received

in interstate and foreign commerce, by force, violence, and intimidation. All in violation of

18 U.S.C. §§ 2119(1) and 2.

## COUNT THREE
### (Carjacking)

On or about January 13, 2018, in the District of Puerto Rico and within the jurisdiction of

this Court, the defendants,

**[1] OMAR RIVERA-MOYET, a/k/a "BLACKY",**
**[2] DERECK MUÑOZ-NIEVES, a/k/a "MACACO",**
**[3] DANIEL DENNES-GARCIA, a/k/a "DANIELITO/MENOR",**

aiding and abetting each other, with the intent to cause death and serious bodily harm, did take a

motor vehicle from the person and presence of U.V.W. and X.Y.Z., that is, a 2005 Infinity FX-35,

VIN JNRAS08WX5X213348, a vehicle that had been transported, shipped and received in

interstate and foreign commerce, by force, violence and intimidation. All in violation of 18 U.S.C.

§§ 2119(1) and 2.

## COUNT FOUR
### (Brandishing a Firearm During and in Relation to a Crime of Violence)

On or about January 13, 2018, in the District of Puerto Rico and within the jurisdiction of

this Court, the defendants,

**[1] OMAR RIVERA-MOYET, a/k/a "BLACKY",**
**[2] DERECK MUÑOZ-NIEVES, a/k/a "MACACO",**
**[3] DANIEL DENNES-GARCIA, a/k/a "DANIELITO/MENOR",**

aiding and abetting each other, did knowingly brandish, carry and use a firearm during and in

relation to a crime of violence for which they may be prosecuted in a court of the United States,

that is, 18 U.S.C. § 2119(1), as charged in Count Three. All in violation of 18 U.S.C.

§§ 924(c)(1)(A)(ii) and 2.

## COUNT FIVE
### (Carjacking Resulting in Death)

On or about January 13, 2018, in the District of Puerto Rico and within the jurisdiction of

this Court, the defendants,

**[1] OMAR RIVERA-MOYET, a/k/a "BLACKY",**
**[2] DERECK MUÑOZ-NIEVES, a/k/a "MACACO",**
**[3] DANIEL DENNES-GARCIA, a/k/a "DANIELITO/MENOR",**
**[4] EDWIN O. GOMEZ-CARABALLO, a/k/a "CASPER",**

aiding and abetting each other and other persons known to the Grand Jury, took a motor vehicle, a

red and white all-terrain KTM 450 motorcycle with an unknown license plate, that had been

transported, shipped, and received in interstate and foreign commerce, from and in the presence of

A.A.T. by force, violence, and intimidation, with the intent to cause death and serious bodily harm,

resulting in the death of A.A.T., in violation of 18 U.S.C. §§ 2119(3) and 2.

## COUNT SEVEN
### (Interference With Commerce by Robbery)

On or about January 14, 2018, in the District of Puerto Rico and within the jurisdiction of

this Court, the defendants,

**[1] OMAR RIVERA-MOYET, a/k/a "BLACKY",**
**[2] DERECK MUÑOZ-NIEVES, a/k/a "MACACO",**
**[3] DANIEL DENNES-GARCIA, a/k/a "DANIELITO/MENOR",**

aiding and abetting each other and other persons known to the Grand Jury, did unlawfully obstruct,

delay, and affect, and attempt to obstruct, delay, and affect commerce, as that term is defined in

EAM OMR

18 U.S.C. § 1951, and the movements of articles and commodities in such commerce, by robbery,

as that term is defined in 18 U.S.C. § 1951, in that the defendants, did unlawfully take and obtain

property from Tripletas Mixtas Ruiz, consisting of U.S. currency, from and in the presence of

R.R.R. and J.M.A., against their will by means of actual and threatened force, violence, and fear

of injury, immediate and future to their person, in violation of 18 U.S.C. §§ 1951 and 2.

## COUNT NINE
### (Carjacking Resulting in Death)

On or about January, 14, 2018, in the District of Puerto Rico and within the jurisdiction of

this Court, the defendants,

**[1] OMAR RIVERA-MOYET, a/k/a "BLACKY",**
**[2] DERECK MUÑOZ-NIEVES, a/k/a "MACACO",**
**[3] DANIEL DENNES-GARCIA, a/k/a "DANIELITO/MENOR",**

aiding and abetting each other and other persons known to the Grand Jury, took a motor vehicle, a

2010 gray Toyota Tacoma, with VIN: 5TFLU4EN5FX115111, that had been transported, shipped,

and received in interstate and foreign commerce, from and in the presence of J.M.R. by force,

violence, and intimidation, with the intent to cause death and serious bodily harm, resulting in the

death of J.M.R., in violation of 18 U.S.C. §§ 2119(3) and 2.

## COUNT THIRTEEN
### (Interference With Commerce by Robbery)

On or about January 11, 2018, in the District of Puerto Rico and within the jurisdiction of

this Court, the defendants,

**[1] OMAR RIVERA-MOYET, a/k/a "BLACKY",**
**[2] DERECK MUÑOZ-NIEVES, a/k/a "MACACO",**
**[3] EDWIN O. GOMEZ-CARABALLO, a/k/a "CASPER",**

aiding and abetting each other and other persons known to the Grand Jury, did unlawfully obstruct,

delay, and affect, and attempt to obstruct, delay, and affect commerce, as that term is defined in

4

EdM OMR

18 U.S.C. § 1951, and the movements of articles and commodities in such commerce, by robbery, as that term is defined in 18 U.S.C. § 1951, in that the defendants, did unlawfully take and obtain property from El Invader business, consisting of U.S. currency, from and in the presence of P.Q.R., against his will by means of actual and threatened force, violence, and fear of injury, immediate and future to his person, in violation of 18 U.S.C. §§ 1951 and 2.

## COUNT FIFTEEN
### (Carjacking)

On or about November 24, 2017, in the District of Puerto Rico and within the jurisdiction of this Court, the defendants,

**[1] OMAR RIVERA-MOYET, a/k/a "BLACKY",**
**[2] DERECK MUÑOZ-NIEVES, a/k/a "MACACO",**
**[3] DANIEL DENNES-GARCIA, a/k/a "DANIELITO/MENOR",**

aiding and abetting each other, with the intent to cause death and serious bodily harm, did take a motor vehicle from the person and presence of G.H.I. and J.K.L., that is, a white Mitsubishi Lancer, license plate IIZ181, a vehicle that had been transported, shipped and received in interstate and foreign commerce, by force, violence, and intimidation. All in violation of 18 U.S.C. §§ 2119(1) and 2.

## 2.    MAXIMUM PENALTIES

**Counts One, Three and Fifteen (18 U.S.C. § 2119(1)):** The maximum statutory penalty for the offense charged in Counts One, Three and Fifteen of the Indictment, is a term of imprisonment of fifteen years pursuant to Title 18 United States Code § 2119(1); a fine not to exceed two hundred and fifty thousand dollars pursuant to Title 18 United States Code §3571(b)(3); a special monetary assessment of one hundred dollars pursuant to Title 18 United States Code § 3013(a)(2)(A); and a supervised release term of not more than three years, pursuant to Title 18 United States Code § 3583(b)(2).

5

ECM ORM

**Count Four (18 U.S.C. § 924(c)(1)(A)(ii)):** The statutory penalty for the offense as charged in Count Four is a minimum term of imprisonment of seven years and a maximum term of imprisonment of life pursuant to Title 18 United States Code § 924(a)(2) (*see United States v. Ortiz-Garcia*, 665 F.3d 279, 285 (1st Cir. 2011)); a fine not to exceed two hundred and fifty thousand dollars pursuant to Title 18 United States Code § 3571(b)(3); a special monetary assessment of one hundred dollars pursuant to 18 U.S.C. § 3013(a)(2)(A); and a supervised release term of not more than five years, pursuant to Title 18 United States Code § 3583(b)(1).

**Counts Five and Nine (18 U.S.C. § 2119(3)):** The maximum statutory penalty for the offense charged in Counts Five and Nine of the Indictment is a term of imprisonment of life pursuant to Title 18 United States Code § 2119(3); a fine not to exceed two hundred and fifty thousand dollars pursuant to Title 18 United States Code §3571(b)(3); a special monetary assessment of one hundred dollars pursuant to Title 18 United States Code § 3013(a)(2)(A); and a supervised release term of not more than five years, pursuant to Title 18 United States Code § 3583(b)(1).

**Counts Seven and Thirteen (18 U.S.C. § 1951):** The maximum statutory penalty for the offense charged in Counts Seven and Thirteen of the Indictment, is a term of imprisonment of twenty years pursuant to Title 18 United States Code § 1951(a); a fine not to exceed two hundred and fifty thousand dollars pursuant to Title 18 United States Code §3571(b)(3); a special monetary assessment of one hundred dollars pursuant to Title 18 United States Code § 3013(a)(2)(A); and a supervised release term of not more than three years, pursuant to Title 18 United States Code § 3583(b)(2).

EdM ORM

### 3. SENTENCING GUIDELINES APPLICABILITY

Defendant understands that the sentence will be left entirely to the sound discretion of the Court in accordance with 18 U.S.C. Sections 3551-86 and the United States Sentencing Guidelines (hereinafter "Guidelines"), which have been rendered advisory by the United States Supreme Court decision in United States v. Booker, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished and that the imposition of his sentence may not be suspended.

### 4. SPECIAL MONETARY ASSESSMENT

Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, to be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013(a)(2)(A).

### 5. FINES AND RESTITUTION

Defendant is aware that the Court may, pursuant to U.S.S.G. § 5E1.2, order him to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation, or supervised release ordered. The United States will make no recommendations as to the imposition of fines. The Court may also impose restitution and the United States may advocate on behalf of the victim as to this respect.

## 6.     RULE 11(c)(1)(B) WARNINGS

Defendant is aware that his sentence is within the sound discretion of the sentencing judge and of the advisory nature of the Guidelines, including the Guidelines Policy Statements, Application, and Background Notes. Further, Defendant understands and acknowledges that the Court is not a party to this Plea Agreement and thus, is not bound by this agreement or the sentencing calculations and recommendations contained. Defendant specifically acknowledges that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which Defendant is pleading guilty.   Defendant is aware that the Court may accept or reject the Plea Agreement or may defer its decision whether to accept or reject the Plea Agreement until it has considered the pre-sentence investigation report. See Fed. R. Crim. P. 11(c)(3)(A).   Should the Court impose a sentence up to the maximum established by statute, Defendant cannot, for that reason alone, withdraw his guilty plea and will remain bound to fulfill all of the obligations under this Plea Agreement.   See Fed. R. Crim. P. 11(c)(3)(B).

## 7.     APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES

Defendant is aware that pursuant to the decision issued by the Supreme Court of the United States in United States v. Booker, 543 U.S. 220 (2005), the Guidelines are no longer mandatory and must be considered effectively advisory.   Therefore, after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit the following advisory Guideline calculations:

**Count One:**

| SENTENCING GUIDELINES CALCULATIONS 18 U.S.C. § 2119(1) | |
|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2B3.1(a) | 20 |
| Increase for carjacking pursuant to U.S.S.G. § 2B3.1(b)(5) | +2 |
| Increase for brandishing of dangerous weapon | +3 |
| **OFFENSE LEVEL** | **25** |

**Count Three:**

| SENTENCING GUIDELINES CALCULATIONS 18 U.S.C. § 2119(1) | |
|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2B3.1(a) | 20 |
| Increase for carjacking pursuant to U.S.S.G. § 2B3.1(b)(5) | +2 |
| **OFFENSE LEVEL** | **22** |

**Count Five:**



| SENTENCING GUIDELINES CALCULATIONS 18 U.S.C. § 2119(3) | |
|---|---|
| Cross-reference for murder pursuant to U.S.S.G. §§ 2B3.1(c) & 2A1.1 | 43 |
| **OFFENSE LEVEL** | **43** |

**Count Seven:**

| SENTENCING GUIDELINES CALCULATIONS 18 U.S.C. § 1951 | |
|---|---|
| Cross-reference for murder pursuant to U.S.S.G. §§ 2B3.1(c) & 2A1.1 | 43 |
| **OFFENSE LEVEL** | **43** |

EAM ORM

## Count Nine:

| SENTENCING GUIDELINES CALCULATIONS 18 U.S.C. § 2119(3) | |
|---|---|
| Cross-reference for murder pursuant to U.S.S.G. §§ 2B3.1(c) & 2A1.1 | 43 |
| **OFFENSE LEVEL** | **43** |

## Count Thirteen:

| SENTENCING GUIDELINES CALCULATIONS 18 U.S.C. § 1951 | |
|---|---|
| Cross-reference for murder pursuant to U.S.S.G. §§ 2B3.1(c) & 2A1.1 | 43 |
| **OFFENSE LEVEL** | **43** |

## Count Fifteen:



| SENTENCING GUIDELINES CALCULATIONS 18 U.S.C. § 2119(1) | |
|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2B3.1(a) | 20 |
| Increase for carjacking pursuant to U.S.S.G. § 2B3.1(b)(5) | +2 |
| Increase for brandishing of dangerous weapon pursuant to U.S.S.G. § 2B3.1(b)(2)(C) | +3 |
| **OFFENSE LEVEL** | **25** |

EQM ORM

| COMBINED OFFENSE LEVEL PURSUANT TO U.S.S.G. § 3D1.4 | |
|---|---|
| Offense level applicable to group with highest offense level (Count Five) | 43 |
| (1 unit apiece for Counts Five, Seven, Nine and Thirteen (each with offense level of 43)) + (0 units for Counts One, Three and Fifteen because they are nine or more levels less serious than the group with the highest offense level) = 4 units.   Three units signifies adding four offense levels. | +4 |
| Acceptance of Responsibility: U.S.S.G. §3E1.1 | -3 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | **44** |

| C.H. Category I | C.H. Category II | C.H. Category III | C.H. Category IV | C.H. Category V | C.H. Category VI |
|---|---|---|---|---|---|
| life | life | life | life | life | life |

## Count Four:

| SENTENCING GUIDELINES CALCULATIONS<br>18 U.S.C. § 924(c)(1)(A)(ii) | |
|---|---|
| 18 U.S.C. § 924(c)(1)(A)(ii) | 7 years (mandatory minimum) to run consecutively to any other sentence |

## 8.    SENTENCE RECOMMENDATION

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree that:

- As to Count Four, the parties will request a sentence of eighty-four months of imprisonment, to be served consecutively to the sentence imposed for Counts One, Three, Five, Seven, Nine, Thirteen and Fifteen.



- As to Counts One, Three, Five, Seven, Nine, Thirteen and Fifteen, the parties will request a sentence of imprisonment between 23 years and 28 years, to run consecutively to the sentence of imprisonment imposed for Count Four. The defendant may argue for 23 years, and the government may argue for 28 years.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation constitutes a material breach of the Plea Agreement.

## 9.  NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY

The parties do **not** stipulate as to any Criminal History Category for Defendant.

## 10.  WAIVER OF APPEAL

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 35 years or less, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

## 11.    NO FURTHER ADJUSTMENTS OR DEPARTURES

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553— other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant.   The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

## 12.    SATISFACTION WITH COUNSEL

Defendant represents to the Court that he is satisfied with counsel, Eleonora C. Marranzini, and asserts that counsel has rendered effective legal assistance.

## 13.    RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

Defendant understands that by entering into this Plea Agreement, he surrenders certain rights as provided in this agreement.   Defendant understands that the rights of criminal defendants include the following:

   a.   If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel.   The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

   b.   If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random.   Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

   c.   If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

13

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses, and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

## 14.   STIPULATION OF FACTS

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

## 15.   LIMITATIONS OF PLEA AGREEMENT

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

## 16.   ENTIRETY OF PLEA AGREEMENT

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other term and conditions not stated herein.

## 17.   AMENDMENTS TO PLEA AGREEMENT

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

## 18.   DISMISSAL OF REMAINING COUNTS

At sentencing, should the Defendant comply with the terms of this Plea and Forfeiture

ECM ORM

Agreement, the Government will move to dismiss counts two, six, eight, ten, fourteen and sixteen.

## 19.    VOLUNTARINESS OF GUILTY PLEA

Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.


W. STEPHEN MULDROW
United States Attorney

_____
Myriam Y. Fernández-González
Chief, Criminal Division
Dated: 11·4·2019

_____
Jenifer Y. Hernández-Vega
Assistant U.S. Attorney
Chief, Violent Crimes Unit
Dated: 11|1|2019

_____
Jonathan Gottfried
Assistant U.S. Attorney
Dated: 11/11/19

_____
Eleonora C. Marranzini
Counsel for Defendant
Dated: 11/15/19

OMAR Rivera Moyet
_____
Omar Rivera-Moyet
Defendant
Dated: 11/15/2019

## UNDERSTANDING OF RIGHTS

I have consulted with my attorney and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines, Policy Statements, Application</u>, and <u>Background Notes</u> that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the plea agreement to me in the Spanish language, and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 11/15/19

OMAR Rivera Moyet
**Omar Rivera-Moyet**
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines, Policy Statements, Application</u>, and <u>Background Notes</u>, and I have fully explained to Defendant the provisions of those guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the plea agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 11/15/19

Eleonora C. Marranzini
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America and Defendant, Omar Rivera-Moyet, agree that the following recitals provide a true and accurate summary of the facts leading to Defendant's acceptance of criminal responsibility for violations of Title 18 United States Code Sections 2119(1) & (3), Title 18 United States Code Section 924(c)(1)(a)(ii), and Title 18 United States Code Section 1951. The following is a synopsis of the facts in this case:

On November 24, 2017, Omar Rivera-Moyet, aiding and abetting co-defendants and with the intent to cause serious bodily harm, carjacked a white Mitsubishi Lancer, license plate IIZ181 at a Church's Chicken restaurant in the Catalinas Shopping Mall in Caguas. During that incident and as part of the plan known beforehand to Rivera-Moyet, one of the assailants knowingly brandished a dangerous weapon. Prior to November 24, 2017, the Mitsubishi Lancer had been transported, shipped or received in interstate or foreign commerce.

On January 11, 2018, Omar Rivera-Moyet, aiding and abetting co-defendants, robbed money from a food business called El Invader off of Highway 1 in the direction of San Juan. At least one of the assailants brandished a firearm as part of the plan known beforehand to Rivera-Moyet. The assailants stole or attempted to steal money from the business by means of actual and threatened force, violence, and fear of injury against the employee. The employee died from gunshot wounds from at least one of the assailants. On January 11, 2018, El Invader was engaged in a food business in interstate commerce and in an industry that affected interstate commerce.

On January 12, 2018, Omar Rivera-Moyet, aiding and abetting co-defendants and with the intent to cause serious bodily harm, carjacked a 2010 Mitsubishi Outlander, VIN JA4AS3AX1AZ000270 at a Denny's restaurant in Caguas. During that incident and as part of the plan known beforehand to Rivera-Moyet, Rivera-Moyet knowingly brandished a dangerous

17

ECM ORM

weapon. Prior to January 12, 2018, the Mitsubishi Outlander had been transported, shipped or received in interstate or foreign commerce.

On January 13, 2018, Omar Rivera-Moyet, aiding and abetting co-defendants and with the intent to cause serious bodily harm, carjacked a 2005 Infinity FX-35, VIN JNRAS08WX5X213348, at a Burger King restaurant in Isla Verde. During that incident and as part of the plan known beforehand to Rivera-Moyet, one of the assailants knowingly brandished a firearm. Prior to January 13, 2018, the Infinity car had been transported, shipped or received in interstate or foreign commerce.

On January 13, 2018, Omar Rivera-Moyet, aiding and abetting co-defendants and with the intent to cause serious bodily harm, carjacked a red and white all-terrain KTM 450 motorcycle at a Puma gas station in Santurce. During that incident and as part of the plan known beforehand to Rivera-Moyet, one of the assailants knowingly brandished a firearm. At least one of the assailants shot the driver of the motorcycle, resulting in his death. Prior to January 13, 2018, the motorcycle had been transported, shipped or received in interstate or foreign commerce.

On January 14, 2018, Omar Rivera-Moyet, aiding and abetting co-defendants, robbed money from a food business called Mixtas Ruiz in Cayey. The assailants brandished firearms as part of the plan known beforehand to Rivera-Moyet. The assailants took the business's cash register by means of actual and threatened force, violence, and fear of injury against the employees. One of the employees died from gunshot wounds inflicted by at least one of the assailants. Two other employees were injured by gunshot wounds inflicted by at least one of the assailants. On January 14, 2018, Mixtas Ruiz was engaged in a food business in interstate commerce and in an industry that affected interstate commerce.

18

EdM ORM

On January 14, 2018, Omar Rivera-Moyet, aiding and abetting co-defendants and with the intent to cause serious bodily harm, carjacked a Toyota Tacoma near the Mixtas Ruiz in Cayey. During that incident and as part of the plan known beforehand to Rivera-Moyet, assailants knowingly brandished a firearm. The driver was shot by at least one of the assailants and died. Prior to January 14, 2018, the Toyota Tacoma had been transported, shipped or received in interstate or foreign commerce.

At trial, the United States would have proven beyond a reasonable doubt that Defendant is guilty as charged in counts one, three, four, five, seven, nine, thirteen and fifteen of the operative indictment. This would have been proven through physical and documentary evidence, including, but not limited to, surveillance footage, live testimony of PRPD and federal agents, live testimony of eyewitnesses, defendant's statements, expert witnesses, evidence recovered at the scene, photographs, documents, and other physical and testimonial evidence.

Discovery was timely made available to Defendant for his review.


_____
**Jonathan Gottfried**
Assistant United States Attorney
Dated: ____9/9/19____


_____
**Eleonora C. Marranzini**
Counsel for Defendant
Dated: 11/15/19


_____
**Omar Rivera-Moyet**
Defendant
Dated: 11/15/19